## MARK H. SIMON *v.* UNITED STATES

No. 4674.—Invoices dated London, England, January 4, 1937; December 21, 1936; March 19, 1937.
Entered at New York January 18, 4, April 2, 1937.
Entry Nos. 805046, 57919, 67797.

Third Division, Appellate Term

(Decided November 8, 1939)

*Siegel & Mandell* (*Samuel T. Siegel* of counsel) for the appellant.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellee.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: These appeals for review of reappraisement made upon certain flax fabrics were brought by the importer claiming that the trial court erred in dismissing the appeals and in not finding

that there was a foreign value for the merchandise at the time of exportation thereof. It is further claimed that the court erred in not sustaining the importer's objection to the admission of a special agent's report.

The merchandise consists of printed linen, quality number 223, 50 inches wide, in various designs. The sole evidence offered by the appellant was a statement in an affidavit of Bernard Spiro of the firm of D. Spiro & Sons, Ltd., that his firm is in the business of selling merchandise in the usual wholesale quantities and in the ordinary course of trade, throughout England as well as for export to foreign countries including the United States. That the invoiced price of the merchandise, to wit, 12½d. less freight, cartage, and wharfage, represented the true market value of such merchandise at the time of exportation at an f. o. b. New York price. That he was prepared and willing to sell in the usual wholesale quantities and in the ordinary course of trade at an f. o. b. New York price, the identically described merchandise at the price appearing upon the invoices. That if the sales were made at an f. o. b. London price, the value in usual wholesale quantities and in the ordinary course of trade would have been 11¾d. per yard, net London. That the goods in question consisted of remnants of a very large purchase of printed linens which were in bond, and were of odd designs and broken ranges, the best designs having been previously sold so that it was impossible for his firm to find a market in England at the price the merchandise was sold to the appellant herein.

The Government moved to dismiss the appeals for lack of proof of a foreign or export value. The motion was taken under advisement by the trial court. Thereupon the Government introduced into evidence a report of a special agent who investigated the English market for the merchandise in question. From a consideration of said report we find that the merchandise in question was originally sold by a Russian firm, and the merchandise imported from Moscow, U. S. S. R., by the English shipper at 9½d. per yard, net cash against documents, delivery c. i. f. London, English duty not included. It was further agreed by the buyer not to sell said goods outside of Great Britain during the period from March 1, 1935, to March 1, 1936. Copies of documents were submitted substantiating the cost price to the British firm, D. Spiro & Sons, Ltd. Said exporting firm did not issue any price lists and the relation with purchasers in the United States is solely that of seller and buyer. The merchandise herein was considered by the seller as a clearing line and was sold at the best price obtainable, and the price at which the merchandise was in fact sold was 12½d. per yard. Upon inspection of the customs warehouse ledgers it was ascertained the merchandise had been exported from bond after having remained therein from the date of

arrival in England from Russia; that the English customs duty had not been paid thereon and the merchandise was shipped in its original bales. Packing, cartage to British port, f. o. b. charges, and ocean freight from London to New York included in the sale price and the consular invoices shows the prices actually paid for such charges by the shipper. Merchandise identical in pattern and texture was freely offered for sale in England at prices varying according to whether the customer was a wholesaler or a retailer, the quantity ordered and the demand; that such prices included an English customs duty of 20 per centum, packing and carriage. An analysis of the sales submitted by the special agent discloses that the usual wholesale quantity is 3 bales of approximately 200 yards each, and that the price in the ordinary course of trade at which the merchandise was sold was 13¾ to 15d., and the major portion of the sales during the period of the exportations herein being made at 15d., less 3 per centum discount for cash.

The trial court after a consideration of the record, in respect to the Government's motion to dismiss the appeal for lack of proof, stated:

After carefully considering this record said motion is overruled and an exception to this ruling is hereby given the attorney for the defendant.

Upon consideration of the affidavit submitted by the importer the court found that some of the statements were ambiguous, if not contradictory, and did not contain sufficient probative evidence to establish the market value or price at the time of exportation of the instant merchandise to the United States. In respect to the report of the special agent the court also found that it did not contain any probative evidence that was of any assistance to the plaintiff in establishing the value contended for. Therefore the trial court reached the conclusion that the plaintiff failed to establish all the necessary statutory requirements as set forth in section 402 to prove the existence of a dutiable foreign value, a dutiable export value or any other dutiable value for the merchandise in question. Upon the grounds of failure of plaintiff to present evidence sufficient to overcome the correctness of the action of the appraiser, the trial court dismissed the appeals.

We find from a careful examination of the record that the evidence submitted by both sides is of some probative value in establishing the value of the merchandise, and that the trial court committed no error in overruling motions to exclude the same from the record. In our opinion the evidence submitted by both sides, considered together, is sufficient to establish that three bales of approximately 200 yards constitute the usual wholesale quantity; that in such quantities there was a freely offered price for the merchandise for home consumption which was higher than the export price of the merchandise; that the

20 per centum duty, which attached to the sales for home consumption, although remitted upon sales for export, nevertheless constitutes a part of the value of the merchandise for home consumption and should be taken into consideration in determining whether or not the foreign value is higher than the export value; and that the freely offered price to all purchasers in the usual wholesale quantities and in the ordinary course of trade for home consumption in England of the merchandise in question was 15d. per yard, less 3 per centum. discount for cash.

Section 501 of the Tariff Act of 1930 directs that this court shall "determine the value of the merchandise." In our opinion it is clear from the evidence adduced that the value found by the appraiser is the proper foreign value therefor; and that the foreign value is higher than the export value thereof and therefore should be used as the basis for finding the dutiable value of the merchandise.

For the reasons stated we hold that the price at which the merchandise herein, at the time of exportation thereof to the United States, is freely offered for sale to all purchasers in the principal markets of England, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, is 15d. per yard, less 3 per centum discount, packed, as found by the appraiser.

Inasmuch as the trial court dismissed the appeals without finding a value therefor, as directed by the statute, the decision is reversed. Judgment will be entered accordingly.